AO 243 (Rev. 01/15)

FILED BY PG D.C.
FEB 25 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of Florida |
|---|---|
| Name (under which you were convicted): DONALD WILLEMS | Docket or Case No.: 9:17-80013-CR-DMM |
| Place of Confinement: FCC-BUTNER, Low Security Corr. Inst. | Prisoner No.: 14451 - 104 |
| UNITED STATES OF AMERICA V. | Movant (include name under which convicted) DONALD WILLEMS |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of Florida;

   400 North Miami Avenue, Miami Florida 33128

   (b) Criminal docket or case number (if you know): 9:17-80013-CR-DMM

2. (a) Date of the judgment of conviction (if you know): March 23rd, 2017.

   (b) Date of sentencing: June 13th, 2017.

3. Length of sentence: 120 Months

4. Nature of crime (all counts):

   Conspiracy to commit healthcare fraud

   cat/div 510/2255/WPB
   Case # _____
   Judge DMM  Mag REID
   Motn Ifp ___  Fee pd $ 0
   Receipt # _____

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:
   (a) Name of court: __United States Court of Appeals for the Eleventh Circuit__
   (b) Docket or case number (if you know): __18 - 12470 - HH__
   (c) Result: __Dismissed, as time barred.__
   (d) Date of result (if you know): __January 25th, 2019.__
   (e) Citation to the case (if you know): __UNKNOWN__
   (f) Grounds raised:
   　　　Judicial abuse of discretion

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes [X]   No [ ]
   If "Yes," answer the following:
   (1) Docket or case number (if you know): __19 - 5038__
   (2) Result: __DENIED__
   (3) Date of result (if you know): __October 7th, 2019.__
   (4) Citation to the case (if you know): __UNKNOWN__
   (5) Grounds raised:
   　　　Is the breaching of a plea agreement unconstitutional ?.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [X]   No [ ]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __United States Court of Appeals for the Eleventh Circuit__
        (2) Docket or case number (if you know): __18 - 12470 - HH__
        (3) Date of filing (if you know): __February 22nd, 2019.__

        (4) Nature of the proceeding: __Petition for rehearing En banc__
        (5) Grounds raised: __Filing of Appeal tolled by plea agreements waiver being made__
        __Null & Void by breaching from the parties involved__

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒
    (7) Result: N/A
    (8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: N/A
    (2) Docket of case number (if you know): N/A
    (3) Date of filing (if you know): N/A
    (4) Nature of the proceeding: N/A
    (5) Grounds raised:
        N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒
    (7) Result: N/A
    (8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☒    No ☐
    (2) Second petition:    Yes ☒    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
    N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: DENIAL OF EFFECTIVE ASSISTANCE;

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Sentencing Attorney did not file a direct appeal when I requested it, during our meeting after the sentencing hearing.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes [ ]    No [X]
  (2) If you did not raise this issue in your direct appeal, explain why: The Appellate Lawyer submitted his argument for direct appeal, sua sponte, without consulting me.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes [ ]    No [X]
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed: N/A
  Docket or case number (if you know): N/A
  Date of the court's decision: N/A
  Result (attach a copy of the court's opinion or order, if available): N/A

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes [ ]    No [X]
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes [ ]    No [X]
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes [ ]    No [X]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:   N/A

**GROUND TWO:**   DENIAL OF EFFICTIVE ASSISTANCE;

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Pre-trial Attorney did not review discovery material with me, even thought I requested to do so on two (2) different occasions. Discover material includes rubber facsimile stamp used to forge my signature, without my knowledge.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: The Appellate Lawyer submitted his argument for direct appeal, sua sponte, without consulting me.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

AO 243 (Rev. 01/15)            Page 7

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND THREE:**    <u>JUDICIAL ABUSE OF DISCREATION;</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Judge sentenced the defendant to 120 Months, which was the statutory maximun and 12 Months over the high end of the guideline range. Information that was used to warrant the upward variance was already in the PSR and account- ed for in the sentencing guidelines. The Judge never specified any 3553(a) factors to support the variance.

 (b) **Direct Appeal of Ground Three:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes [X]  No [ ]

  (2) If you did not raise this issue in your direct appeal, explain why:

 (c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes [ ]  No [X]

  (2) If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: N/A

  Name and location of the court where the motion or petition was filed: N/A

  Docket or case number (if you know): N/A

  Date of the court's decision: N/A

  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?

   Yes [ ]  No [X]

  (4) Did you appeal from the denial of your motion, petition, or application?

   Yes [ ]  No [X]

  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes [ ]  No [X]

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: N/A

  Docket or case number (if you know): N/A

  Date of the court's decision: N/A

  Result (attach a copy of the court's opinion or order, if available):

  N/A

AO 243 (Rev. 01/15)                                                                                                  Page 9

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

GROUND FOUR:   DENIAL OF EFFECTIVE ASSISTANCE;

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Pre-trial Attorney did not interview two (2) witnessess who would have been able to corroborate the fact that I never signed the medical necessity forms and that I never prescribed any controlled substances.

(b) **Direct Appeal of Ground Four:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒
    (2) If you did not raise this issue in your direct appeal, explain why: The Appellate Lawyer submitted his argument for direct appeal, sua sponte, without consulting me.

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:     N/A
    Name and location of the court where the motion or petition was filed:
                                    N/A
    Docket or case number (if you know):     N/A
    Date of the court's decision:            N/A
    Result (attach a copy of the court's opinion or order, if available):
                                    N/A

**GROUND FIVE:**    **DENIAL OF EFFECTIVE ASSISTANCE**
      (a) Supporting facts:

Pre-trial Attorney did not file a Motion to correct the guideline error in the calculations. The actual loss to victims in Judgment and Commital was $3,041,476.32, In PSR the enhancement was +18 pts. for losses between 3.5 million- 9.5 million. I should have only been enhanced 16 pts. for losses between 2.5 million- 3.5 million.

**GROUND SIX:**    **DENIAL OF EFFECTIVE ASSISTANCE**
      (a) Supporting facts:

Pre-trial Attorney did not file a Motion to Correct the PSR, that stated I worked at Deerfield Medicial Center for 3 years. I only worked there about 15 Months. Information form years that I DID NOT work at Deerfield Medical Center was used in PSR to warrant upward variance.

**GROUND SEVEN:**    **DENIAL OF EFFECTIVE ASSISTANCE**
      (a) Supporting facts:

Pre-trial Attorney had a conflict of interest while representing client. Pre-trial Attorney was being paid by the owner of Deerfield Medical Center. Clinic owner who hired pre-trial Attorney learned that he was being indicted possible via Pre-trial Attorney. Clinic owner somehow was able to successfully flee the country.

**GROUND EIGHT:**    **DENIAL OF EFFECTIVE ASSISTANCE**
      (a) Supporting facts:

Sentencing Attorney did not argue that during the years 2013, 14 and 15 I was not employed by Deerfield Medical Center, so the information in the PSR for that time did not pertain.

**GROUND NINE:**    **JUDICIAL ABUSE OF DISCRETION**
      (a) Supporting facts:

I was able to hire and retain an Attorney to replace my Pre-trial Attorney on the Friday before the sentencing hearing, which was the following Tuesday, in the hopes of correcting numerous errors and mistakes. Sentencing Attorney submitted a request for continuance, but was denied by the Judge, he little time to become familer with my case and to adequately represent me. (1 and 1/2 working days).

**GROUND TEN:**    **ACTUAL INNOCENCE**
      (a) Supporting facts:

I did not commit the acts I was accused of. I never signed the medical necessity forms. The owner of Reflections used a rubber stamp to froge my name. The stamp is or should be in the discovery. Witnesses will testify that I never prescribed any controlled substances. They will testify that Dr. Fine prescribed the controlled substances. They will corroborate the use of the rubber stamp.

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: YES, Grounds 1, 2 and 4 - 10; The Apellate Lawyer submitted his argument for direct appeal, sua sponte, without consulting me. I did not have the opportunity to bring these grounds to his attention so that they could have been included in the appeal.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    N/A

AO 243 (Rev. 01/15)                                                                                                                                       Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:

   **Pro se**, DONALD WILLEMS; L.S.C.I. P.O.Box 999 BUTNER NC. 27509/ Bond Hearing

   (b) At the arraignment and plea:

   Mauricio Padilla, 150 W. Flagler St. Ste. 1500 Miami, FL 33130.

   (c) At the trial:

   Mauricio Padilla, 150 W. Flagler St. Ste. 1500 Miami, FL 33130.

   (d) At sentencing:

   Bijan Parwaresch 407 Licoln Rd. Ste. 12 E Miami Beach, Fl 33139.

   (e) On appeal: **Pro se** DONALD WILLEMS; L.S.C.I. P.O.Box 999 BUTNER NC. 27509 and;

   Co-Counsel: Arthur Louis Wallace III, 2211 E. Sample Rd. Ste. 203 Lighthouse Pt. FL.

   (f) In any post-conviction proceeding:

   **Pro se**, DONALD WILLEMS; L.S.C.I. P.O.Box 999 BUTNER NC. 27509.

   (g) On appeal from any ruling against you in a post-conviction proceeding:

   N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐     No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☒     No ☐

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   United States District Court for the Southern District of Florida;
   400 North Miami Avenue, Miami Florida 33128.

   (b) Give the date the other sentence was imposed:   June 13th, 2017.

   (c) Give the length of the other sentence:   36 Months

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☒     No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   The denial of my Direct Appeal was rendered March 26th, 2019 AND....

   The denial of my Petition for Certioari in the U.S. Supreme Court was not rendered until October 7th, 2019. Judgment was not final until 10/7/19.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
    (1)   the date on which the judgment of conviction became final;
    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

<u>Vacate, Set-Aside or Correct the Judgment dated JUNE 13th, 2017.</u>
or any other relief to which movant may be entitled.

_[signature]_
Signature of Attorney (if any) **in Pro se**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _February 19, 2020_.
(month, date, year)

Executed (signed) on _February 19, 2020_ (date)

_[signature]_
Signature of Movant DONALD WILLEMS

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## CERTIFICATE OF SERVICE

I certify that on 2/19/20, the enclosed documents entitled

__Motion Under 28 U.S.C. § 2255__

was served upon the following person(s) at the address(es) shown, pertaining to:

United States District Court
400 N. Miami Ave.
Rm. 8N09
Miami, FL 33128

RE:
(X) Case No. 9:17-80013-CR-DMM
(_) Letter dated _____
(_) Other _____

The aforementioned document was sent via:
(X) U.S. Mail First Class    (_) U.S. Mail, Certified
(_) Hand Delivered                No. _____
(_) FAXed to # _____      (_) U.S. Mail, Return Receipt

I certify that this document was placed in the inmate mailbox in __Mailroom__, at the Low Security Correctional Institute, Butner Complex, Butner, N.C., at __7:00__ PM - (AM) on the date __2/19/20__. Please note that inmate mail is )**NOT**( picked up on Friday or Saturday evenings.

**PURSUANT TO THE PRISON MAILBOX RULE:**
The Prison Mailbox Rule, whereby date on which prisoner transmits documents to prison authorities is considered actual filing date... as neither 19 USCS § 1608 or 1609, nor regulations require actual receipt. **Longette v. Krusing**, 322 F.3d 758 (CA3 PA, 2003).

I certify under penalty of perjury that the aforementioned is true and correct, pursuant to 28 USCS § 1746.

Printed Name __Donald Willems__

Date __2/19/20__

Signature _____

CC: Ann-Marie Villafana, AUSA
500 S. Australian Ave.
Suite 400
West Palm Beach, FL 33401

Jonald Williams
#14451-104
Low Security Correctional Institution
PO Box 999
Butner, NC 27509

Legal Mail



RALEIGH P&DC 27676
WED 19 FEB 2020 PM
AFSM100 #8

⇔14451-104⇔
District Court Clerk
400 N Miami AVE
Rm. 8N09
Miami, FL 33128
United States

District Court Clerk
400 N. Miami Ave.
Rm. 8N09
Miami, FL 33128

USMS INSPECTED

LOW SECURITY CORRECTIONAL INST.
P.O. BOX 999
BUTNER, NORTH CAROLINA 27509
DATE: 2-19-2020
"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through
procedures for forwarding to you. The
letter has neither been opened nor
inspected. If the writer raises a question
or problem over which this facility has
jurisdiction, you may wish to return the
material for further information or
clarification. If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure
to the above address.

Legal Mail